FILED
SUPERIOR COURT
OF GUAM

2019 DEC 23 PM 2: 57

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LEONE R. WILLIAMS-ROHR,<br><br>                          Plaintiff,<br><br>    vs.<br><br>TIMOTHY J. ROHR,<br><br>                       Defendant. | Child Support Case No. CS0175-18<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Michael J. Bordallo. Plaintiff Leone R. Williams - Rohr ("Plaintiff") is represented by Attorney Joaquin Cook. Defendant Timothy J. Rohr ("Defendant") is represented by Daniel Somerfleck. The Office of the Attorney General, Child Support Enforcement Division ("AG") is represented by Assistant Attorney General Raymond Illagan. The child support amount in this matter was determined by the Administrative Hearing Officer B. Ann Keith ("AHO") in a Recommended Findings and Order ("Findings"), filed on July 25, 2018. Having considered the evidence, arguments, and the applicable law, the Court hereby **CONFIRMS** the Findings.

### BACKGROUND

Plaintiff and Defendant were married on May 11, 1986. They separated in June of 2017.

There are eleven (11) children from this marriage, two (2) of which are still minors. On September 20, 2017, Defendant filed for divorce.

On August 31, 2018, Plaintiff filed a Uniform Support Petition to request an establishment order for child support for the two (2) minor children. The Defendant was named as the respondent in the petition. On November 28, 2018, a temporary child support amount of $300.00 per month was ordered by the Child Support Tribunal and was to commence retroactively to October 1, 2018. On December 10, 2018, a child support hearing was held by the AHO in which she ordered that the temporary child support amount be changed to $650.00 per month to commence retroactively to December 1, 2018. On April 1, 2019, the AHO modified the amount to $594.41 per month to commence retroactively to March 1, 2019. However, after taking into account changes in the Defendant's income and medical insurance expenses for the two (2) minor children, the amount of $594.41 per month was adjusted to $559.03 by the AHO and was to commence retroactively to April 1, 2019. The AHO modified the temporary child support amounts several times due to the several different child support worksheets filed by the parties containing different values from the previous filed worksheet as well as adjustments made by the AHO due to evidence introduced at subsequent hearings.

At the conclusion of the April 26, 2019, meeting, both parties agreed to certain child support amounts for each month of child support that would be used to calculate Defendant's arrears.[1] The parties were able to agree to child support amounts for arrear purposes for all relevant months, except for August and September of 2018.

---

[1] October and November 2018: $300.00 total per month
December 2018: $650.00 total per month
January and February 2019: $650.00 total per month
March 2019: $594.41 total per month
April, May, June, and July 2019: $559.03 total per month

Due to their inability to agree on the child support amounts for August and September of 2018, the parties agreed at the April 26, 2019, hearing to defer the decision to the AHO. On July 18, 2018, after reviewing all the current, relevant evidence and arguments, the AHO issued the Findings. The Findings concluded that the proper child support amount for August and September of 2018 amount is $433.00 for each month and that this amount will be used to calculate any arrears owed by the Defendant for those months. Furthermore, the Findings ordered a Statement of Arrears to be prepared by the AG asserting $433.00 owed for August and September of 2018, and asserting the amounts agreed upon by the parties for the subsequent months.

On July 25, 2019, the AG filed an objection to the Findings. This objection was later joined by the Plaintiff on October 10, 2019. Both the AG and the Plaintiff argue that the proper child support amount should be set at $559.03 from August 2018 to the present time. Defendant filed a response to the AG's objection on the same day the Plaintiff joined the AG's objection. Defendant argues that there is no basis for the Court to deny the amounts stated in the Findings.

## FACTS

1. On June 1, 2017, the Defendant left Guam with the two (2) minor children to the U.S. Virgin Islands.

2. The two (2) minor children have never returned to Guam and have been in Defendant's custody since their departure.

3. The Defendant filed for divorce on September 20, 2017.

4. In August and September of 2018, the Defendant made direct payments of $433.00 to the Plaintiff to support any needs of the two (2) minor children.

5. A petition for child support was filed by the Plaintiff on August 31, 2018.

6. Based on the filing date of the child support petition, the earliest that child support can commence in the above captioned case is August of 2018.

7. The parties were able to agree on child support amounts for all relevant months except for August and September of 2018.

8. On July 19, 2019, the AHO issued Findings stating the amount of child support for August and September of 2018 will be $433.00.

9. The Findings also stated that child support arrears owed by the Defendant after November of 2018 will be based on the amounts agreed upon by parties at the conclusion of the April 26, 2019, child support hearing.

10. The AG objected to the Findings on July 25, 2019.

11. The Plaintiff joined the AG's objection on October 10, 2019.

12. The AG and the Plaintiff argue that the child support amount for August and September of 2018 should be set at $559.03 due to the actual income of the parties.

13. On October 10, 2019, the Defendant filed a response wherein it argued that the child support for August and September of 2018 should remain at $433.00 and there is no reasonable basis to modify the amount to $599.03 due to the fact that the Defendant's income has substantially dropped after November of 2018.

## ISSUES

1. Whether the Court should modify the August and September 2018 child support amount set forth by the Findings.

2. Whether the parties April 26, 2019, agreement in regards to arrears owed to the Defendant will be upheld.

## PRINCIPLES OF LAW

In 2008, the Supreme Court of Guam adopted a "pragmatic approach," requiring the trial court to "make a good faith effort to supervise the referee and correct any obvious errors." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 41.

In determining an award of child support, after determining for the record a presumed correct amount of child support, the trial court is required to determine whether to reject the presumed amount as unjust or inappropriate after a consideration of all relevant factors. *Basham v. Williams*, 239 S.W.3d 717 (Mo. App. S. Dist. 2007).

The party seeking the modification of child support has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification and that the best interests of the child are served thereby. *State on behalf of B.M. v. Brian F.*, 846 N.W.2d 257 (Neb. 2014). Award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing, and parent seeking the modification bears the burden of proof. *Lackey v. Lackey*, 217 So. 3d 943 (Ala. Civ. App. 2016).

## ANALYSIS

In the matter at hand, the AG and the Plaintiff object to the decision set forth in the Findings which set the child support amount of $433.00 for the months of August and September of 2018. Their objection is grounded on the fact that the amount of $433.00 is not based on specific child support guidelines but instead is just an arbitrary amount that was paid by the Defendant to the Plaintiff during the months of August and September of 2018. Furthermore, the AG and the Plaintiff argue that the Court should not only set the child support to $559.03 for August and September of 2018, but order that $599.03 be the amount of child

support owed to the Defendant from August of 2018 to the present because $599.03 is a non-arbitrary amount because it is based off the income of the parties.

The Plaintiff argues that the Court should confirm the amount ordered in the Findings which states child support in the amount of $433.00 for August and September of 2018. The Plaintiff argues that because his income has substantially dropped after November 2018 there is no basis to deviate from the amounts listed in the Findings.[2] The Court also takes notice of the fact that the Plaintiff's income has increased since November of 2018.[3]

After further review of all the relevant laws, evidence, and arguments, the Court will adopt the child support amounts stated in the Findings for the months of August and September of 2018. The Court finds that the amount of child support stated in the Findings for the months of August and September of 2018 were based on calculations and adjustments proportionate to the parties income, as well as the parties former course of dealing, to wit: *the Defendant's receipt and acceptance of $433.00 sent by the Plaintiff for the (2) minor children's necessities for the months of August and September of 2018.* Like the AHO, the Court considered the foregoing factors in its decision.

The Court holds that the adjustments made to the most recent Child Support Worksheet regarding the income of both parties, particularly the Plaintiff's were proper.[4] The Court also notes that the $433.00 transfer from the Plaintiff to the Defendant in August and September of 2018, for the sole purpose of supporting the two (2) minor children's needs while the two (2)

---

[2] Defendant's total monthly gross income indicated on the Child Support Worksheet filed on December 5, 2018, is $5,427.79.
Defendant's total monthly gross income indicated on the Child Support Worksheet filed on April 25, 2019, is $3,323.23.
[3] Plaintiff's total monthly gross income indicated on the Child Support Worksheet filed on December 5, 2018, is $5,708.28.
Plaintiff's total monthly gross income indicated on the Child Support Worksheet filed on April 25, 2019, is $7,216.45.
[4] The most recent Child Support Worksheet was filed on April 25, 2019. The adjustments made to this worksheet are explained in the temporary child support order filed on May 28, 2019.

minor children were in the Defendant's sole custody in the U.S. Virgin Islands is undisputed. There is no evidence on the record that after receiving these amounts, the Defendant ever contacted or exhibited to her counsel, the Plaintiff, or any other interested party to inform them that the two (2) minor children required more monetary support during those months. The Court's ultimate goal is to ensure that the custodial parent is receiving enough child support from the non-custodial parent to ensure that, at the very least, the basic needs of the children are met. Therefore, because no issue was ever raised by the Defendant in regards to the amounts she received from the Plaintiff in August and September of 2018, the Court will reasonably conclude that those amounts were sufficient for the months of August and September of 2018.

Next, the AG and Plaintiff request that despite the agreement made between the parties on April 26, 2019, the Court should order that child support be set at $559.03 from August of 2018 to the present time and that this amount should be used as a basis to calculate any arrears owed by the Defendant since August of 2018. The Court holds that because the monthly amounts agreed upon on April 26, 2019, reflect the income of the parties during those months and were ordered by the Superior Court of Guam there is no reason to invalidate the parties agreement. Furthermore, because the Court finds that the agreement is neither unconscionable nor detrimental to best interests of the two (2) minor children, the Court will not rescind the agreement. Therefore, the Court orders that the amounts in the agreement be used to calculate any arrears owed beginning in October of 2018.

## CONCLUSION

For the above reasons, the Court **CONFIRMS** the Findings and **OVERRULES** the AG's and Defendant's objections. The Court **ORDERS** that the child support amount for August and September of 2018 to remain at $433.00 for each month and shall be the amount used to calculate any arrears owed for August and September of 2018, noting that the Defendant

will receive a credit for two (2) payments of $433.00 for August and September of 2018, because both parties referenced them. The Court also **ORDERS** that the amounts agreed upon by both parties at the conclusion of the April 26, 2019, hearing will be the amounts used to calculate any arrears owed to the Defendant beginning in October of 2018.

SO ORDERED, this ___17___ day of ___Dec___ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG CSED ; D. Somerfleck ; J. Cook

Date: 12/23 Time: 3:30

Q. Olsa

Deputy Clerk, Superior Court of Guam